In the Matter of the Arbitration of Certain Differences between DANIEL M. WINANS, Petitioner, Respondent, and AMERICAN SAFETY RAZOR CORPORATION, Respondent, Appellant.— Appeal from an order requiring the appellant to proceed with arbitration under the terms of a contract. Winans, respondent, who had applied for, and later obtained, a patent for a dry shaving device, agreed in writing that the American Safety Razor Corporation should have a license to manufacture and sell the device. It was agreed, and appellant paid respondent $15,000 on the execution of the agreement. Appellant, within a period stated in the contract, and after experimentation in applying the patented principle, could be released from further payments. A supplemental contract was entered into between the parties whereunder appellant paid respondent the further sum of $6,000 to extend the time within which it could withdraw and not be bound for royalties for the manufacture and sale of the device. A second extension was granted, following which this appellant brought an action in the Supreme Court, New York county, to recover the $21,000 paid to respondent. The order appealed from stayed further proceedings in the action. During the time covered by

these transactions respondent's patent was assailed by N. who by " interference " filed with the United States Patent Office, claimed to be the originator of four vital features contained in respondent's patent. This contention was upheld by the Patent Office. N. gave a license, similar to that given by respondent, to appellant, under his superseding patent; this was obtained through negotiations had by respondent under which he agreed to give N. one-half of the royalties which appellant had agreed to pay. Appellant elected not to continue the contract and brought the action to recover the payments. The original contract contained an arbitration clause that " in the event of any controversy between them [the parties] with respect to the interpretation of any provisions of this agreement, the same shall be arbitrated by a board of three arbitrators, one to be selected by the licensor, one to be selected by the licensee, and the third to be selected by the two arbitrators selected by the parties. Such arbitration shall be held in accordance with the Arbitration Laws of the State of New York, and binding upon the parties." The money paid pursuant to the contract and the right to a refund is dependent, among other things, upon the interpretation of the provisions of the agreement. Order unanimously affirmed, with fifty dollars costs and disbursements, and stay continued.